**United States District Court**
For the Northern District of California

1

2

3

4                  UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                 No. C-11-06566 (JCS)

8              Plaintiff(s),                    NOTICE REGARDING SUMMARY
                                                JUDGMENT MOTIONS AND RULE
9         v.                                    12(b)(6) DISMISSAL MOTIONS

10   GEORGANN K CUNNEY,

11             Defendant(s).

12   _____/

13        Plaintiff  in this case may file a motion for summary judgment under Rule 56 of the Federal

14   Rules of Civil Procedure or a motion for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

15   Procedure.  This notice is written to explain to the <u>pro se</u> plaintiff the process involved in each type

16   of motion.

17        A.    <u>SUMMARY JUDGMENT</u>

18        A motion for summary judgment provides a procedure for terminating an action without trial

19   if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as

20   a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of

21   the case.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute as to a material fact

22   is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the party

23   opposing the motion for summary judgment.  <u>Id.</u>

24        The party filing the motion for summary judgment is called the "moving party."  The moving

25   party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits

26   which demonstrate the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Cattrett</u>, 477

27   U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it

28   must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the opposing party's case.  Id.

Once the moving party meets its initial burden, the opposing party may not rest upon the allegations or denials of unverified pleadings, but must file an opposition setting forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The facts relied upon must be admissible under rules governing admission of evidence generally, and must be presented in items such as: (1) declarations based on personal knowledge, accompanied by sworn or certified copies of all documents referred to in the declaration[1]; id.; (2) discovery documents, such as answers to deposition questions, answers to interrogatories or answers to requests for admissions, that have been properly authenticated by a declaration by someone with personal knowledge of the documents' accuracy, Fed. R. Civ. P. 56(c); (3) verified complaints that meet the requirements of Rule 56(e) (that is, complaints containing factual assertions that are within the pleader's personal knowledge and are otherwise admissible evidence), see Schroeder v. McDonald, 55 F.3d 454,460 (9th Cir. 1995); Keenan v. Hall, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996)).  The evidence presented on each claim must not only be admissible, but also must be sufficient for a jury to reasonably return a verdict for the opposing party.  Anderson, 477 U.S. at 249.  If the opposing party fails to contradict the moving party with declarations or other evidence, the moving party's evidence may be taken as the truth.

It is not the district court's job to search the record for a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The opposing party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  Id.  If the opposing party fails to do so, the district court may properly dismiss the claims.  Id.

If the moving party has met its burden of proof and the opposing party fails to set forth specific facts showing that there is a genuine issue for trial, then "the moving party is entitled to

---

[1]A declaration is a statement of facts which are personally known to the person making the declaration.  The facts in a declaration must be admissible in evidence, i.e., evidentiary facts and not conclusions or argument.  The declaration must show affirmatively that the person making the declaration is competent to testify to the matters stated therein and contain no inadmissible hearsay or opinions.  A declaration must be made under penalty of perjury, i.e., it must be signed at the end after the statement "I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on [date]."

judgment as a matter of law." <u>Celotex Corp.</u>, 477 U.S. at 323.  A successful motion for summary

judgment terminates the action without trial, and will result in a final judgment on the merits.

   B.  <u>DISMISSAL MOTION</u>

   Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant may file a

motion to dismiss for failure of the pleading to state a claim upon which relief can be granted  Such

motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

parties shall be given reasonable opportunity to present all material made pertinent to such a motion

by Rule 56.

Dated:  May 7, 2012

               _____
               JOSEPH C. SPERO
               United States Magistrate Judge

**United States District Court**
For the Northern District of California