IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>GEORGANN K. CUNNEY,<br><br>              Defendant. | Case No.: 11-06566 JCS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**I.    INTRODUCTION**

Plaintiff, the United States, ("Plaintiff") brought this action against Defendant Georgann K. Cunney ("Defendant") seeking to collect on unpaid student loan debt. Presently before the Court is Plaintiff's Motion for Summary Judgment ("Motion for Summary Judgment" or "Motion"). The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). A hearing on the Motion was held on February 22, 2013 at 11:30 a.m. For the reasons stated below, Plaintiff's Motion for Summary Judgment is GRANTED.

**II.    BACKGROUND**

Plaintiff filed the Complaint in this action on December 21, 2011 under 28 U.S.C. § 1345. In the first cause of action in the Complaint, Plaintiff alleges that "Defendant owes plaintiff $35,585.12, plus additional interest and costs according to the Certificate of Indebtedness, a copy of which is annexed hereto as Exhibit A." Complaint, ¶ 3. In the second cause of action in the Complaint, Plaintiff alleges that "Defendant owes Plaintiff $55,975.29, plus additional costs according to the Certificate of Indebtedness, a copy of which is attached hereto as Exhibit B." *Id*. at ¶ 4. The

referenced certificates, apparently issued by the U.S. Department of Education, are attached to the Complaint.[1] *Id*. at Exs. A and B. The first Certificate of Indebtedness states, in part, as follows:

> On or about 12/03/99, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $30,236.18 on 12/20/99, at 8.00 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 11/11/03. Pursuant to 34 C.F.R. § 685.202(b), a total of $5,348.94 in unpaid interest was capitalized and added to the principal balance.
>
> The Department has credited a total of $216.69 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:
>
> | | |
> |---|---|
> | Principal: | $35,585.12 |
> | Interest: | $25,110.41 |
> | Total Debt as of 02/07/11: | $60,695.53 |
>
> Interest accrues on the principal shown here at the rate of $7.79 per day.

*Id*. at Ex. A. The second Certificate of Indebtedness states, in part, as follows:

> On or about 04/13/01, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $20,233.17 on 06/05/01 and $30,052.92 on 06/05/01, at 6.88 percent interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 11/11/03. Pursuant to 34 C.F.R. § 685.202(b), a total of $5,689.20 in unpaid interest was capitalized and added to the principal balance.[2]
>
> The Department has credited a total of $323.39 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:
>
> | | |
> |---|---|
> | Principal: | $55,975.29 |

---

[1] Plaintiff did not provide a declaration authenticating the Certificates of Indebtedness.
[2] 34 C.F.R. § 685.202(b)(5) states: "The Secretary may capitalize unpaid interest when the borrower defaults on the loan."

2

| | | |
|---|---|---|
| Interest: | | $29,881.71 |
| Total Debt as of 02/07/11: | | $85,857.00 |

Interest accrues on the principal shown here at the rate of 10.54 per day.

*Id*. at Ex. B.

The Defendant, proceeding *pro se*, filed an answer on March 6, 2012. Answer, 1. Defendant's answer states, in part:

> The Plaintiff, the US Federal Government, is seeking recovery of a total of $146,552.53 from Ms. Cunney. The sums at issue represent the unpaid balance of Ms. Cunney's student loans (including interest) from her degree program of studies at the California Institute of Integral Studies (CIIS) in San Francisco. Ms. Cunney was enrolled in a graduate degree program that offered a Master's Degree in Integral Health Education.
>
> After Ms. Cunney … had invested over three years of time in that course of study, CIIS cancelled the Master degree program.[3] This left Ms. Cunney without a program of study to follow, after having invested much time and borrowed money in the program.
>
> …
>
> Ms. Cunney is unable to repay the outstanding balances owed to the US Government associated with her studies at CIIS. However, she acknowledges the school debt at issue in the Complaint against her, and she is willing to pay $25 per month for a period of five years for a total of $1,500.00 to settle the obligation in full. This payment schedule is the only viable amount that Ms. Cunney can make… Ms. Cunney has no other options, and no other recourse, and is willing to settle this complaint on that basis.

Answer, 1-2.

On May 7, 2012, the Court served Defendant with a Notice Regarding Summary Judgment Motions and Rule 12(b)(6) Dismissal Motions ("Notice"). The Notice explains that "[o]nce the moving party meets its initial burden, the opposing party may not rest upon the allegations or denials of unverified pleadings, but must file an opposition setting forth specific facts showing that there is a genuine issue for trial." Notice, 2 (citing Fed. R. Civ. P. 56(e)). The Notice further explains that if the opposing party fails to "identify[] with reasonable particularity the evidence that precludes summary judgment … 'the moving party is entitled to judgment as a matter of law.'" *Id*. at 2-3 (citing

---

[3] Both parties agreed at the hearing the CIIS remained open and in operation.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The Notice also warns that "[a] successful motion for summary judgment terminates the action without trial, and will result in a final judgment on the merits." *Id*. at 3.

On January 11, 2013, Plaintiff filed the present motion. According to Plaintiff, as of February 22, 2013, the date of the motion hearing, the amount due on the loan underlying the first cause of action is $35,585.12 in principal plus $30,927.00 in interest for a total of $66,512.12, plus $7.72 per day thereafter until judgment is entered. Declaration of Rubio Canlas in Support of Plaintiff's Motion for Summary Judgment ("Canlas Declaration"), ¶ 11. The loan underlying the second cause of action was broken into two disbursements. *Id*. at ¶ 16. According to Plaintiff, as of February 22, 2013, the amount due on the first disbursement of the loan underlying the second cause of action is $22,637.15 in principal plus $15,274.40 in interest for a total of $37,911.55, plus $4.28 per day thereafter until judgment is entered. *Id*. at ¶ 21. According to Plaintiff, as of February 22, 2013, the amount due on the second disbursement of the loan underlying the second cause of action is $33,338.14 in principal plus $22,494.87 in interest for a total of $55,833.01, plus $6.26 per day thereafter until judgment is entered. *Id*. at ¶ 26.

Plaintiff submitted several loan documents in support of the Motion. *See id.* at Exs. 1-11. Exhibits 1-5 support Plaintiff's first cause of action. Exhibit 1 is a promissory note signed by Defendant on December 3, 1999 reflecting a Direct Subsidized Consolidation Loan in the amount of $29,888.28. *Id*. at Ex. 1. Defendant promised to pay the U.S. Department of Education all sums disbursed under the terms of the promissory note to discharge Defendant's prior loan obligations. *Id*. Exhibit 2 is a Federal Direct Consolidation Loan Verification Certificate, dated September 21, 1999, listing seven student loans on which there was a combined total due of $29,660.38 on that date. *Id*. at Ex. 2. Exhibit 3 is a print-out of the FDSL Program Specific Screen, pertaining to Defendant's account, taken February 7, 2011. *Id*. at Ex. 3. Exhibit 3 lists that the first and last disbursement was made on December 20, 1999 in the amount of $30,236.18 with an interest rate of 8.00%. *Id*. Exhibit 3 shows that Plaintiff received a total of $93.85 from Defendant in servicing the loan prior to default, with the last payment being received on October 22, 2002. *Id*. On November 11, 2003, Defendant

defaulted on the obligation and a total of $5,348.94 was capitalized and added to the principal balance. *Id*. Exhibit 4 shows that Defendant made six voluntary $50.00 payments on the debt in the period running from September 25, 2004 to February 25, 2005. *Id*. at Ex. 4. The payments were credited to Defendant's entire account. *Id*. Exhibit 5 is a screenshot of the Historical and Future Balance Calculation Tool pertaining to the loan in the first cause of action showing that Defendant owed $35,585.12 in principal and $30,927.00 in interest on February 22, 2013. *Id*. at Ex. 5.

Exhibits 6-11 support Plaintiff's second cause of action. Exhibit 6 is a Federal Direct Consolidation Loan Promissory Note signed by Defendant on April 13, 2001. *Id*. at Ex. 6. Defendant promised to pay the U.S. Department of Education all sums disbursed under the terms of the promissory note to discharge Defendant's prior loan obligations. *Id*. Exhibit 7 is a list of the seven student loans that were consolidated by the promissory note. *Id*. at Exs. 6-7. Four of the underlying loans are designated with an "A" and three of the loans are designated with a "G". *Id*. at Ex. 7. The amount due under the "A" loans was $30,052.92 and the amount due under the "G" loans was $20,233.17. *Id*.

Exhibit 8 is a print-out of the FDSL Program Specific Screen pertaining to the "G" loans. *Id*. at Ex. 8. Exhibit 8 lists that the first and last disbursement was made on June 5, 2001 in the amount of $20,233.17 with an interest rate of 6.88%. *Id*. Exhibit 8 shows that Plaintiff received a total of $61.62 from Defendant in servicing the loan prior to default, with the last payment being received on October 22, 2002. *Id*. On November 11, 2003, Defendant defaulted on the obligation and a total of $2,403.98 was capitalized and added to the principal balance. *Id*. Exhibit 10 is a screenshot of the Historical and Future Balance Calculation Tool pertaining to the "G" loans in the second cause of action showing that Defendant owed $22,637.15 in principal and $15,274.40 in interest on February 22, 2013. *Id*. at Ex. 10.

Exhibit 9 is a print-out of the FDSL Program Specific Screen pertaining to the "A" loans. *Id*. at Ex. 9. Exhibit 9 lists that the first and last disbursement was made on June 5, 2001 in the amount of $30,052.92 with an interest rate of 6.88%. *Id*. Exhibit 9 shows that Plaintiff received a total of $84.61 from Defendant in servicing the loan prior to default, with the last payment being received on

October 22, 2002. *Id.* On November 11, 2003, Defendant defaulted on the obligation and a total of $3,285.22 was capitalized and added to the principal balance. *Id.* Exhibit 11 is a screenshot of the Historical and Future Balance Calculation Tool pertaining to the "A" loans in the second cause of action showing that Defendant owed $33,338.14 in principal and $22,494.87 in interest on February 22, 2013. *Id.* at Ex. 10.

Plaintiff also addresses in its Motion Defendant's contention that the school she attended cancelled the program she was attending. Motion, 9. Plaintiff states that the only benefit guaranteed to Defendant was the repayment of funds to the lender upon a default, and Plaintiff made this repayment. *Id.*

## III. ANALYSIS

### A. Legal Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In determining whether to grant a motion for summary judgment, "the judge must view the evidence in the light most favorable to the nonmoving party: if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the trust of the evidence set forth by the nonmoving party with respect to that fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-631 (9th Cir. 1987).

Summary judgment may not be granted merely because a party has failed to submit an Opposition or supporting evidence in response to a motion for summary judgment. *Henry v. Gill Indus., Inc.*, 983 F.3d 943, 950 (9th Cir. 1993). The Ninth Circuit has explained this rule as follows:

> Under Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial. The party opposing the motion is under no obligation to offer affidavits or any other materials in support of its opposition. Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.

6

*Id.* On the other hand, once the moving party has produced evidence demonstrating the absence of triable issues, the burden shifts to the party opposing summary judgment to "identify with reasonable particularity the evidence that precludes summary judgment." Fed. R. Civ. P. 56(e). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.

### B. Whether Plaintiff has Made a Prima Facie Case

In an action to enforce a promissory note, the plaintiff must present evidence of: (1) the existence of the note; (2) the defendant's default; and (3) the amount due. *United States v. Gray*, 2012 WL 1657112, at *4 (N.D. Cal. May 10, 2012); *see also United States v. Freeman*, 2002 WL 467688, at *1 (N.D. Cal. Mar. 25, 2002) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975)). "The burden then shifts to the defendant to prove that the amount due is not owing." *United States v. Chu*, 2001 WL 1382156, at *1 (N.D. Cal. Oct. 31, 2001) (citation omitted); *see also Freeman*, 2002 WL 467688 at *1 (citing *Irby*, 517 F.2d at 1043). For example, in *United States v. Freeman* the court held that "[P]laintiff has made out a prima facie case through submission of the signed promissory notes and certificates of indebtedness from the Department of Education." *Freeman*, 2002 WL 467688 at *1. Likewise, Plaintiff here has made out a prima facie case on each of its causes of action through submission of the signed promissory notes, certificates of indebtedness from the Department of Education, and the other supporting documents described above.

### C. Whether Defendant has Produced Evidence Rebutting Plaintiff's Prima Facie Case

Defendant has produced no evidence rebutting Plaintiff's prima facie case. Indeed, Defendant acknowledges the debt in her answer. Defendant has failed to set forth specific facts showing that there is a genuine controversy on the issue of the amount that Defendant is indebted to Plaintiff.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Motion is GRANTED. Judgment shall be entered in favor of the United States in the amount of $160,256.68 in principal and interest to the date of this Order.

IT IS SO ORDERED.

Dated: February 22, 2013

_____

JOSEPH C. SPERO
United States Magistrate Judge